**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

ANGEL RIOS ROSA,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )            No. 1:23-cv-00139-JSD
                                    )
JASON LEWIS, et al.,                )
                                    )
            Defendants.             )

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Angel Rios Rosa for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $5.59. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a certified copy of his inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $27.96. The Court will therefore assess an initial partial filing fee of $5.59, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Deputy Division Director Jason Lewis and Case Manager Charles Reavis as defendants. (Docket No. 1 at 2-3). They are sued in both their official and individual capacities.

The "Statement of Claim" is somewhat difficult to understand. As best the Court can tell, plaintiff asserts that on April 18, 2023, Deputy Division Director Lewis denied a grievance that he had filed. (Docket No. 1 at 4). In particular, plaintiff states that Lewis denied that plaintiff was a confidential informant, and did not interview two witnesses that he had.

On May 9, 2023, plaintiff asserts that he submitted another informal resolution request (IRR) to Case Manager Reavis. According to plaintiff, Reavis did not answer the IRR until August 4, 2023.

Plaintiff contends that both his legal claims "very clearly" showed harassment and retaliation by a state prison guard who put his life in jeopardy due to his status as a confidential informant.

Three exhibits are attached to the complaint, which the Court has reviewed and will treat as part of the pleadings.[1] The first exhibit is an offender grievance appeal filed February 17, 2023, in which plaintiff complains about the way Officer Dobbs is treating him. (Docket No. 1 at 10). It is unclear from this document what Dobbs actually did. Nevertheless, plaintiff notes that after he "filed on Officer Dobbs" for his behavior, Dobbs mysteriously no longer works for the Missouri Department of Corrections.

The second exhibit is a grievance appeal response dated April 18, 2023, and signed by Deputy Division Director Lewis. (Docket No. 1 at 11). The response explains that plaintiff complained about "unprofessional" behavior and harassment by Officer Dobbs. The response further notes that Dobbs no longer works for the Missouri Department of Corrections, making plaintiff's complaint moot.

The final exhibit is an IRR dated March 3, 2023. (Docket No. 1 at 12). In the IRR, plaintiff complains that on January 4, 2023, a correctional officer called him a snitch in front of other inmates. He therefore requests protective custody, while also objecting to Officer Dobbs' treatment of him.

Based on these facts, plaintiff asserts that he has been deprived of his constitutional rights under color of law. (Docket No. 1 at 4). He seeks $7 million in damages. (Docket No. 1 at 5).

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

### Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that defendants have not properly responded to his IRRs and grievances regarding his treatment by Officer Dobbs. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. Official Capacity Claims

Plaintiff has sued defendants in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, both defendants are alleged to be employed by the Missouri Department of Corrections. The official capacity claims against them are thus treated as being made against the State of Missouri itself, their employer. The claims fail for two reasons.

### i.      State is Not a 42 U.S.C. § 1983 "Person"

First, 42 U.S.C. § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8ᵗʰ Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8ᵗʰ Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8ᵗʰ Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8ᵗʰ Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983").

In this case, plaintiff is suing defendants for monetary damages. As noted above, a state official acting in his official capacity is not a 42 U.S.C. § 1983 "person" for purposes of such a claim. Because plaintiff is missing an essential element of a § 1983 action, he has failed to state an official capacity claim against defendants. Therefore, the official capacity claims against defendants Lewis and Reavis must be dismissed.

### ii.      Sovereign Immunity

Second, plaintiff's official capacity claims are barred by sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8ᵗʰ Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8ᵗʰ Cir. 1995) ("The Eleventh Amendment bars

private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8ᵗʰ Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment also bars "[a] claim for damages against a state employee in his official capacity." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8ᵗʰ Cir. 1999).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8ᵗʰ Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because the Supreme Court has determined that 42 U.S.C. § 1983 – under which this case arises – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception likewise does not apply because the State of Missouri has not waived its immunity in this type of case. *See* RSMo § 537.600 (explaining that sovereign immunity is "in effect," and providing exceptions relating to the "negligent acts or

omissions by public employees arising out of the operation of motor vehicles…within the course of their employment," and regarding "[i]njuries caused by the condition of a public entity's property").

Here, plaintiff has sued two state employees in their official capacities for money damages. Such a claim is barred by the Eleventh Amendment unless there is an exception to sovereign immunity. No exception is indicated in the complaint. Therefore, sovereign immunity bars the official capacity claims against defendants Lewis and Reavis. For this reason as well, the official capacity claims must be dismissed.

### B. Individual Capacity Claims

Plaintiff has also sued defendants Lewis and Reavis in their individual capacities. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, plaintiff has alleged that Deputy Division Director Lewis denied his grievance appeal on April 18, 2023, and that Case Manager Reavis did not answer his May 9, 2023 grievance until August 4, 2023. These allegations do not demonstrate that defendants are personally responsible for violating plaintiff's constitutional rights.

To the extent that plaintiff is upset about delays in the grievance process, or the ultimate outcome, the Court notes that plaintiff has failed to establish a liberty interest. More specifically, "there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). *See also Jenner v. Nikolas*, 828 F.3d 713, 716-17 (8th Cir. 2016) (explaining that "[t]he existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest"). To that end, a prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); and *Fallon v. Coulson*, 5 F.3d 531, 1993 WL 349355, at *1 (8th Cir. 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights"). Because there is no liberty interest, there is no constitutional violation.

To the extent that plaintiff is attempting to allege that defendants failed to protect him from Officer Dobbs, he has failed to demonstrate deliberate indifference. "[P]rison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). To prove a violation of the Eighth Amendment, an inmate must fulfill two requirements, one objective and one subjective. *Irving v.*

9

*Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The first requirement is that, viewed objectively, the alleged deprivation of rights is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective inquiry, and requires that the prisoner prove that the prison official had a "sufficiently culpable state of mind." *Id*. "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

Here, plaintiff has not presented facts establishing either element of deliberate indifference. With regard to the first element, plaintiff has not shown that Officer Dobbs presented a risk of serious harm. Indeed, there are no factual allegations whatsoever as to how Dobbs purportedly mistreated him, only a vague reference to treatment that "hurt" him personally, and unsupported claims of harassment and retaliation. As to the second element – even assuming a risk of harm existed – plaintiff has failed to allege that defendants Lewis and Reavis knew of and disregarded the alleged danger Dobbs presented. Plaintiff's own exhibit – the April 18, 2023 grievance appeal response – indicates that by the time Lewis learned about plaintiff's accusations against Dobbs, Dobbs had already left his employment. Lewis can hardly have disregarded the risk posed by Dobbs if Dobbs no longer had any contact with plaintiff. Concerning defendant Reavis, plaintiff is silent as to Dobbs, claiming only that Reavis delayed answering an IRR that he filed. Nothing in the complaint suggests that this delay consisted of a knowing disregard of an excessive risk to plaintiff's safety.

As discussed above, an individual capacity claim requires plaintiff to demonstrate the personal responsibility of defendants for harming him. In other words, he must connect the actions

– or inactions – of defendants with the violation of a constitutional right. Plaintiff has not done that. Therefore, the individual capacity claims against defendants Lewis and Reavis must be dismissed for failure to state a claim.

### C.  Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). The motion will be denied as moot as this case is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $5.59 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 28th day of August, 2023.

_____

JOHN A. ROSS

UNITED STATES DISTRICT JUDGE